Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 31, 2008, which granted plaintiffs motion for summary judgment, denied defendants’ cross motion for such relief, and declared that plaintiff effectively revoked her offer to purchase certain residential property, unanimously affirmed, with costs.
Some 20 minutes after plaintiff had notified defendants’ attorney that she was withdrawing her offer to purchase certain residential property owned by them, the fully executed contract was delivered by Federal Express. Defendants have insisted on enforcing the contract, invoking the so-called mailbox rule, which, in the context of contract law, stands for the proposition that a contract is considered to have been made at the time a letter of acceptance is placed in possession of the postal service and not when actually received. Plaintiff thereupon commenced this action for a declaration that the contract was of no force and effect.
Although the mailbox rule has never been extended to encompass the delivery of a contract by Federal Express, defendants propose applying the rule to this purchase contract, notwithstanding the postdating of such contract to the date of delivery. Pursuant to section 25 of the purchase contract, “any notice to Escrowee shall be deemed given only upon receipt by Escrowee and each Notice delivered in person or by overnight courier shall be deemed given when delivered.” It is undisputed that plaintiff withdrew her offer to purchase defendants’ property before the fully executed contract was delivered. Defendant argues for excluding the executed contract from the ambit of section 25 because that provision uses the word “notice.” To the extent section 25 could be considered ambiguous, which it is not (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), it is well settled that any ambiguity must be construed in plaintiffs favor and against defendants, who drafted it (see Matter of Cowen & Co. v Anderson, 76 NY2d 318, 323 [1990]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ. [See 2008 NY Slip Op 32885(U).]